UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


GABRIEL DEON LOGAN (#425940)

VERSUS                                                  CIVIL ACTION

EDWARD HONEYCUTT                                        NUMBER 12-156-JJB-SCR


**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, July 24, 2012.

                                    /s/ Stephen C. Riedlinger
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GABRIEL DEON LOGAN (#425940)

VERSUS                                           CIVIL ACTION

EDWARD HONEYCUTT                                 NUMBER 12-156-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendant's Motion to Dismiss. Record document number 15. The motion is not opposed.

Pro se plaintiff, an inmate confined in Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Edward Honeycutt. Plaintiff alleged that he was issued a false disciplinary report in retaliation for refusing to dismiss an administrative grievance in violation of his constitutional rights. Plaintiff sought compensatory damages.

Defendant moved to dismiss for failure to state a claim upon which relief can be granted.

### I. Factual Allegations

Plaintiff alleged that on November 24, 2010, Lt. Honeycutt asked him to consider dismissing an Administrative Remedy Procedure ("ARP") he filed against Lt. Savoy and Maj. Richardson. Plaintiff alleged that Lt. Honeycutt suggested that he would be released from lockdown if he dismissed the ARP and implied that otherwise he

would be held in lockdown for a significant amount of time. Plaintiff alleged that Lt. Honeycutt suggested that the plaintiff might even be placed in Camp J for possession of a handcuff key.

Plaintiff alleged that on November 25, 2010, Lt. Honeycutt searched him and then placed him in the shower. Plaintiff alleged that Lt. Honeycutt and Cadet Sterling searched his cell. Plaintiff alleged that on his way off the tier Lt. Honeycutt told him that "Richie told me to tell you he told you so." Plaintiff alleged that Maj. Richardson is commonly known as Richie to other security officers and prisoners. Plaintiff alleged that he was placed in administrative lockdown on the charge of possession of a handcuff key. Plaintiff alleged that although Lt. Honeycutt did not write the disciplinary report, it was issued only a day after the plaintiff refused to dismiss the ARP and Lt. Honeycutt stated the plaintiff might be placed in Camp J on a charge of being in possession of a handcuff key. Plaintiff alleged that Lt. Honeycutt had another correctional officer issue the plaintiff a false disciplinary report in retaliation for refusing to dismiss an ARP.

## II. Applicable Law and Analysis

**A. Eleventh Amendment Immunity**

Defendant argued that he is entitled to Eleventh Amendment immunity insofar as the plaintiff sued him in his official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991).  A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985).  Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's 'policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law.  A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device."  Officers sued in their personal capacity come to court as individuals.  A state official in his or her official capacity, when sued for injunctive relief, would be a person under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state.

*Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14. Thus, the plaintiff may recover money damages against the defendant insofar as the defendant was sued in his individual capacity for actions taken by him under color of state law which caused the deprivation of constitutional rights. However, the plaintiff did not seek prospective injunctive relief therefore his claims against the defendant in his official capacity is not actionable under § 1983.

**B. Motion to Dismiss Standard**

Defendant moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has

4

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

### D. No Physical Injury

Defendant argued that the plaintiff's claims are subject to dismissal pursuant to 42 U.S.C. § 1997e(e) because the plaintiff failed to allege that he sustained a physical injury.

Subsection (e) of 42 U.S.C. § 1997e provides:

> (e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or

other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Although § 1997e(e) prohibits the recovery of compensatory damages without a prior showing of physical injury, it does not bar a plaintiff's ability to recover nominal and punitive damages for constitutional violations despite the lack of any physical injury. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

A review of the allegations showed that the plaintiff failed to allege that he sustained a physical injury as a result of the alleged retaliation. Therefore, the plaintiff is prohibited from recovering compensatory damages pursuant to 42 U.S.C. § 1997e(e). Although the plaintiff did not seek punitive damages, he is not prohibited from recovering nominal damages. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain relief in the form of nominal damages.

**E. Retaliation**

Defendant argued that the plaintiff failed to state sufficient facts to support his retaliation claim.

Prison officials may not retaliate against a prisoner for exercising his First Amendment right of access to the courts, or for complaining through proper channels about a guard's misconduct. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006); *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). However, claims of retaliation from prison inmates are regarded with skepticism, lest

federal courts embroil themselves in every adverse act that occurs in penal institutions. *Woods*, 60 F.3d at 1166.

To prevail on a claim of retaliation, a prisoner must establish four elements (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Morris*, 449 F.3d at 684; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

If an inmate is unable to point to a specific constitutional right that has been violated, then the claim will fail as a matter of law. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996) (dismissing an inmate's claim for failure to demonstrate the violation of a constitutional right); *Woods*, 60 F.3d at 1166 (observing that, "[t]o state a claim, the inmate must allege the violation of a specific constitutional right"). Further, the inmate must allege more than his personal belief that he is the victim of retaliation. *Jones*, 188 F.3d at 325; *Johnson v. Rodriguez*, 110 F.3d 299,310 (5th Cir. 1997). To demonstrate the requisite retaliatory intent on the defendants' part, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. Regarding the element of causation, a successful claim of retaliation requires a showing that "but for" some retaliatory motive, the complained of

7

adverse action would not have occurred. *Johnson*, 110 F.3d at 310; *Woods*, 60 F.3d at 1166. In addition, the complained-of adverse action must be more than *de minimis* to support a claim of retaliation in the prison context. *Morris*, 449 F.3d at 684-85; *Hart*, 343 F.3d at 764.

The purpose of allowing inmates retaliation claims under 42 U.S.C. § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights. *Morris*, 449 F.3d at 686 (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 n. 10, 118 S.Ct. 1584 (1998)). Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris*, 449 F.3d at 686. *De minimis acts* that would not deter an ordinary person from further exercise of his rights do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id*. Thus, an inmate's job transfer from the commissary to the kitchen was *de minimis*, while his transfer to a more dangerous prison was not. *Id*. at 687; *see also Bibbs v. Early*, 541 F.3d 267, 271-72 (5th Cir. 2008) (subjecting inmate to below-freezing temperatures for more than four hours during each of four consecutive nights was more than *de minimis*).

As noted above, the plaintiff alleged that (1) on November 24, 2010, Lt. Honeycutt asked him to consider dismissing an ARP he filed against Lt. Savoy and Maj. Richardson, (2) Lt. Honeycutt

8

suggested that if he did not dismiss the ARP he might be placed in Camp J on a charge of being in possession of a handcuff key, (3) plaintiff refused to dismiss the ARP, (4) the next day, after Lt. Honeycutt and Cadet Sterling searched his cell, he was issued a disciplinary report for possession of a handcuff key, and (5) Lt. Honeycutt had another correctional officer issue the plaintiff a false disciplinary report in retaliation for refusing to dismiss the ARP.

Plaintiff's allegations are sufficient to allege a chronology of events from which retaliation may plausibly be inferred.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss be granted in part, dismissing any claim against the defendant in his official capacity and the plaintiff's claim for compensatory damages. It is the further recommendation of the magistrate judge that in all other respects the defendant's Motion to Dismiss be denied.

Baton Rouge, Louisiana, July 24, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE